EXHIBIT A

## Nina Rodrigues Plaintiff vs. Spirit Airlines, Inc Defendant

**Broward County Case Number:** CACE25004719
**State Reporting Number:** 062025CA004719AXXXCE
**Court Type:** Civil
**Case Type:** Other - Discrimination Employment or Other
**Incident Date:** N/A
**Filing Date:** 04/02/2025
**Court Location:** Central Courthouse
**Case Status:** Active
**Magistrate Id / Name:** N/A
**Judge ID / Name:** Frink, Keathan B

### − Party(ies)

Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Rodrigues, Nina** | | ★ Hoogerwoerd, Peter Michael<br>Retained<br>Bar ID: 188239<br>Remer & Georges-Pierre & Hoogerwoerd PLLC<br>2745 Ponce De Leon BLVD<br>Coral Gables, FL 33134-6004<br>**Status: Active** |
| Defendant | **Spirit Airlines, Inc** | | |

### − Disposition(s)

Total: 0

| Date | Statistical Closure(s) | |
|---|---|---|
| Date | Disposition(s) | View / Pages |

### − Collection(s)

Total: 0

**There is no Collection information available for this case.**

## ‒ Event(s) & Document(s)

Total: 6

| Date | Description | Additional Text | View / Pages |
|------|-------------|-----------------|--------------|
| 05/06/2025 | **Notice of Appearance** | Spirit Airlines, LLC f/k/a Spirit Airlines, Inc. | 📄 /2 |
| 05/06/2025 | **Notice of Appearance** | Spirit Airlines, LLC f/k/a Spirit Airlines, Inc. | 📄 /2 |
| 04/14/2025 | **eSummons Issuance** | SPIRIT AIRLINES, INC | 📄 /1 |
| 04/02/2025 | **Per AOSC20-23 Amd12, Case is determined General** | | |
| 04/02/2025 | **Civil Cover Sheet** | Amount: $75,001.00 | 📄 /3 |
| 04/02/2025 | **Complaint (eFiled)** | | 📄 /18 |

## ‒ Hearing(s)

Total: 0

**There is no Disposition information available for this case.**

## ‒ Related Case(s)

Total: 0

**There is no related case information available for this case.**

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

NINA RODRIGUES
Plaintiff,

vs.                                                    Case No.:

SPIRIT AIRLINES, INC.
Defendant.

_____/

## COMPLAINT

Plaintiff, NINA RODRIGUES ("Plaintiff"), by and through the undersigned counsel,

hereby sues Defendant, SPIRIT AIRLINES, INC., ("Defendant"), and in support avers as

follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $50,000, exclusive of attorneys' fees

   or costs, declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act

   of 1992, Florida Statute Section 760, *et seq.* ("FCRA"), and pursuant to the Age Discrimination

   in Employment Act of 1967 ("ADEA") to redress injury done to Plaintiff by the Defendant for

   discriminatory treatment on the basis of Age, Retaliation and a Hostile Work Environment.

2. This Court has jurisdiction over Plaintiff's claims pursuant to the FCRA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Broward

   County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered

   employee for purposes of the FCRA.

1

4.  Plaintiff was employed by Defendant, having a place of business in Broward County, Florida, where Plaintiff worked for Defendant.

5.  Venue is proper in Broward County, Florida because all of the actions that form the basis of this Complaint occurred within Broward County, Florida and payment was due in Broward County, Florida.

6.  Defendant was a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7.  At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.* and it is subject to the employment discrimination provisions of the applicable statutes.

8.  Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

9.  More than 180 days have passed since the filing of the Plaintiff's charge of discrimination and the Plaintiff has requested or otherwise obtained the Notice of Right to Sue. Plaintiff is now timely filing suit.

10. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12. Plaintiff was employed by Defendant on or about February 11, 2013, as Crew Bid Administrator.

13. Plaintiff's duties included, but were not limited to, managing schedules, coordinating transitions, organizing vacations, and addressing issues related to flight attendant schedules.

14. In or around Fall 2021, staff were informed they would work from home permanently.

15. In or around Fall 2022, Plaintiff moved from Florida to Texas for financial reasons, relying on the remote work arrangement.

16. In or around June 2023, staff were informed that they would be required to work in the office two days per week with no exceptions.

17. Plaintiff was not provided with clear guidance on standby expectations by David Tait or HR representative Karen Rivas.

18. Claribel Ramos created animosity in the department, favoring certain employees, including Duane, Stephanie, and Schlim, while treating older team members, including Jennifer, Karen, and Plaintiff, less favorably.

19. Plaintiff's group consists of employees 40 years of age or older, while Ramos's favored group consists of younger employees.

20. Younger employees were granted more time off and vacation, despite vacation allocation being based on seniority.

21. Newly hired younger employees received the same vacation benefits as senior employees.

22. Mistakes made by younger employees were overlooked, while those made by older employees were reprimanded.

3

23. Older employees were given a heavier workload than younger employees.

24. Ramos sent Plaintiff rude and unprofessional messages, creating a stressful and toxic work environment.

25. Plaintiff took FMLA leave due to the toxic work environment caused by Ramos.

26. HR manager referred Plaintiff to the employment relations manager.

27. Plaintiff returned to work on or about November 1, 2023, and was reassigned so that Ramos was no longer her direct supervisor.

28. Despite the reassignment, Plaintiff continued to see and interact with Ramos daily.

29. Plaintiff reported the issues to HR in or around September 2023.

30. Plaintiff experiences harassment, micromanagement, and unreasonable work expectations.

31. Plaintiff has been repeatedly denied promotions and received an unfair poor performance review.

32. Plaintiff was terminated from employment on or about

33. Throughout Plaintiff employment she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times Plaintiff did perform her job at satisfactory or above-satisfactory level.

34. Any reason proffered by Plaintiff employer for the adverse employment actions is mere pretext for unlawful discrimination.

35. Plaintiff has retained the undersigned counsel so that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Discrimination Based on Age in Violation of the FCRA*

36. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-35 above as if set out in full herein.

37. Plaintiff is a member of a protected class under the FCRA, to which Plaintiff is over forty (40) years of age.

38. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

39. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

40. Defendant's conduct complained of herein was willful and in reckless disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

41. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

42. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

43. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

44. Defendant's basis for the adverse conduct against Plaintiff, if any, are pretextual and

illegitimate, asserted only to cloak the discriminatory nature of their conduct.

45. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

46. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

47. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

6

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## COUNT II
### *Retaliation in Violation of the FCRA*

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 35 above as if set out in full herein.

49. Defendant is an employer as that term is used under the applicable statutes referenced above.

50. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the FCRA.

51. The foregoing unlawful acts by Defendant were purposeful.

52. Plaintiff is a member of a protected class because she engaged in a statutorily protected activity and was the victim of retaliation thereafter. There is a causal connection between the engagement of the statutorily protected activity, Plaintiff's complaints with HR, and the adverse employment action taken thereafter.

53. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment,

humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

54. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

**COUNT III**

***Hostile Work Environment in Violation of the FCRA***

55. Plaintiff re-adopts each and every factual allegation as stated in 1-35 of this Complaint as if set out in full herein.

56. Defendant is an employer as that term is used under the applicable statutes referenced above.

57. The foregoing allegations establish a cause of action for a hostile work environment due to Defendant's actions adversely affecting Plaintiff's under the FCRA.

58. Plaintiff, as a female over 40 years old, is within a protected class as envisioned by the FCRA.

59. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as she continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately altered and/or changed when she was ultimately constructively terminated.

60. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

61. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

9

62. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D.  Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

E.  Reinstate full fringe benefits and seniority rights to Plaintiff.

F.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G.  For a money judgment representing prejudgment interest.

H.  Grant Plaintiff's costs of this action including reasonable attorney's fees.

I.  Grant Plaintiff a trial by jury; and Grant such other and further relief as the Court deems just and proper

10

## COUNT IV
### *Discrimination Based on Age in Violation of the ADEA*

63. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-
35 above as if set out in full herein.

64. Plaintiff is a member of a protected class under the ADEA, to with Plaintiff is over forty
(40) years of age.

65. By the conduct described above, Defendant has engaged in discrimination against Plaintiff
because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

66. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been
the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

67. Defendant's conduct complained of herein was willful and in reckless disregard of
Plaintiff's protected rights. Defendant and its supervisory personnel were aware that
discrimination based on Plaintiff's age was unlawful but acted in reckless disregard of the
law.

68. At all times material hereto, the employees exhibiting discriminatory conduct towards
Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's
employment with the Defendant.

69. Defendant retained all employees who exhibited discriminatory conduct toward the
Plaintiff and did so despite the knowledge of said employees engaging in discriminatory
actions.

70. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights,
has been exposed to ridicule and embarrassment, and has suffered emotional distress and
damage.

71. Defendant's basis for the adverse conduct against Plaintiff, if any, are pretextual and illegitimate, asserted only to justify the discriminatory nature of their conduct.

72. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

73. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

74. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the ADEA, and in addition, order the following additional relief:

A.  Declare that the acts complained of herein are in violation of the ADEA.

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D.  Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E.  Reinstate full fringe benefits and seniority rights to Plaintiff.

F.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G.  For a money judgment representing prejudgment interest.

H.  Grant Plaintiff's costs of this action including reasonable attorney's fees.

I.  Grant Plaintiff a trial by jury; and

J.  Grant such other and further relief as the Court deems just and proper.

## COUNT V
### Retaliation in Violation of the ADEA

75. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

76. Plaintiff is a member of a protected class under the ADEA.

77. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the ADEA.

78. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's Age was unlawful but acted in reckless disregard of the law.

79. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

80. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

81. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

82. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees.

F.   Grant Plaintiff such additional relief as the Court deems just and proper.

## COUNT VI
### *Violation of the ADEA: Hostile Work Environment*

83. Plaintiff pursuant to the Age Discrimination in Employment Act, sues Defendant, and re-alleges as set forth herein paragraphs 1-35 of this initial complaint and states:

84. Defendant is an employer as that term is used under the applicable statutes referenced above.

85. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting her under the Age Discrimination in Employment Act.

86. Plaintiff, as a female over the age of 40 (forty), is within a protected class as envisioned by the Age Discrimination in Employment Act.

87. During her employment with Defendant, Plaintiff was subjected to unwelcome harassment.

88.  The harassment Plaintiff endured by Defendant was predicated on Plaintiff being a female over the age of 40 (forty). The harassment was decidedly severe, as Defendant had continuously harassed Plaintiff.

89. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as she continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse.

90. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

15

91. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

92. These damages are continuing and are permanent.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against the Defendant; find that the Defendant indeed violated the ADEA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of ADEA.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## COUNT VII
### *Retaliation Under The FMLA*

93. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-35 above as if set out in full herein.

94. Plaintiff is an individual entitled to protection under the FMLA.

95. Plaintiff is an employee within the meaning of the FMLA.

96. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

97. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

98. Defendant's actions constitute a violation of the FMLA.

99. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees.

F. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: <u>April 2, 2025</u>                                 Respectfully submitted,


                                        <u>*/s/: Peter M. Hoogerwoerd*</u>
                                        Peter M. Hoogerwoerd, Esq.
                                        Fla. Bar No.: 0188239
                                        **pmh@rgph.law**
                                        ***REMER, GEORGES-PIERRE, &***
                                        ***HOOGERWOERD, PLLC***
                                        2745 Ponce de Leon Blvd
                                        Coral Gables, FL 33134
                                        (305) 416-5000- Telephone

Case 0:25-cv-60979-RS Document 1-2 Entered on FLSD Docket 05/16/2025 Page 22 of 29

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

     **I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

<u>Nina Rodrigues</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Spirit Airlines, Inc</u>
Defendant

     **II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

     **III.    TYPE OF CASE**    (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**      **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**      **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>7</u>

**VI.**      **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**      **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**      **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**      **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Peter M Hoogerwoerd</u>      Fla. Bar # <u>188239</u>
        Attorney or party              (Bar # if attorney)

<u>Peter M Hoogerwoerd</u>            <u>04/02/2025</u>
(type or print name)              Date

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

Case No.: CACE-25-004719

NINA RODRIGUES
Plaintiff,

vs.

SPIRIT AIRLINES, INC.
Defendant

## SUMMONS IN A CIVIL CASE

**TO:** SPIRIT AIRLINES, INC., through its Registered Agent:

CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

PETER M. HOOGERWOERD, ESQ.
**REMER & GEORGES-PIERRE &
HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

APR 15 2025

CLERK _____          DATE

_____
(BY) DEPUTY CLERK

**BRENDA D. FORMAN**

1

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,**
**IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. CACE-25-004719

NINA RODRIGUES

     *Plaintiff,*

v.

SPIRIT AIRLINES, INC.

     *Defendant,*

_____/

<u>**NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES**</u>

     Miguel A. Morel of the law firm of Littler Mendelson, P.C. hereby enters his appearance in this case as counsel for Defendant Spirit Airlines, LLC f/k/a Spirit Airlines, Inc. and requests that all papers filed in the above-captioned matter be served upon her at the address below.

     Pursuant to Florida Rule of General Practice and Judicial Administration 2.516, undersigned counsel hereby designates the following primary and secondary email addresses for email service in the above-referenced action:

     **MIGUEL A. MOREL, ESQ.**

| | |
|---|---|
| Primary E-Mail: | mamorel@littler.com |
| Secondary E-Mail: | grivas@littler.com |
| Additional E-Mail: | #MiamiECFiling@littler.com |

**Dated**: May 6, 2025

                             Respectfully submitted,

                             **LITTLER MENDELSON, P.C.**

                             */s/ Miguel A. Morel*
                             Miguel A. Morel (FBN 89163)
                             E-mail: mamorel@littler.com
                             Joshua R. Paikowsky (FBN 1018931)
                             E-mail: jpaikowsky@littler.com
                             333 SE 2nd Avenue, Suite 2700
                             Miami, FL 33133
                             Telephone: (305) 400-7500

                             *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 6th day of May 2025, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal system. I also certify that the foregoing document is being served on all counsel of record or pro se identified on the attached Service List via transmission of notices of Electronic Filing generated by the Florida Courts E-Filing Portal or in some other authorized manner.

Peter M. Hoogerwoerd, Esq.
pmh@rpgh.law
REMER, GEORGES-PIERRE, &
HOOGERWOERD, PLLC
2745 Ponce de Leon Blvd
Coral Gables, FL 33134
(305) 416-5000- Telephone

*/s/ Miguel A. Morel*
Miguel A. Morel

*Counsel for Spirit Airlines*

4938-9710-3167.1

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. CACE-25-004719

NINA RODRIGUES

     *Plaintiff,*

v.

SPIRIT AIRLINES, INC.

     *Defendant,*

_____/

**<u>NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES</u>**

Joshua R. Paikowsky of the law firm of Littler Mendelson, P.C. hereby enters his appearance in this case as additional counsel for Defendant Spirit Airlines, LLC f/k/a Spirit Airlines, Inc. and requests that all papers filed in the above-captioned matter be served upon her at the address below.

Pursuant to Florida Rule of General Practice and Judicial Administration 2.516, undersigned counsel hereby designates the following primary and secondary email addresses for email service in the above-referenced action:

**JOSHUA R. PAIKOWSKY, ESQ.**

| | |
|---|---|
| Primary Email: | jpaikowsky@littler.com |
| Secondary Email: | jomorales@littler.com |
| Additional Email: | #MiamiECFiling@littler.com |

**Dated**: May 6, 2025.

Respectfully submitted,

**LITTLER MENDELSON, P.C.**

*/s/ Joshua R. Paikowsky*
Miguel A. Morel (FBN 89163)
E-mail: mamorel@littler.com
Joshua R. Paikowsky (FBN 1018931)
E-mail: jpaikowsky@littler.com
333 SE 2nd Avenue, Suite 2700
Miami, FL 33133
Telephone: (305) 400-7500

*Counsel for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 6th day of May 2025, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal system. I also certify that the foregoing document is being served on all counsel of record or pro se identified on the attached Service List via transmission of notices of Electronic Filing generated by the Florida Courts E-Filing Portal or in some other authorized manner.

Peter M. Hoogerwoerd, Esq.
pmh@rpgh.law
REMER, GEORGES-PIERRE, &
HOOGERWOERD, PLLC
2745 Ponce de Leon Blvd
Coral Gables, FL 33134
(305) 416-5000- Telephone

*Counsel for Plaintiff*

*/s/ Joshua R. Paikowsky*
Joshua R. Paikowsky

4914-9488-4671.1